USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILTON GREGORY, et al., on behalf of themselves and all other similarly situated,

        Plaintiffs,

-against-

RIVERBAY CORP., et al.,

        Defendants.

23-CV-09481 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    This is a Fair Labor Standards Act ("FLSA") action alleging that, *inter alia*, Defendants wrongfully denied Plaintiff-employees overtime pay from approximately 2017 to 2023. Plaintiff Andre Waring ("Plaintiff Waring") executed opt-in consent on October 31, 2023, while he was within the Plaintiff group of sergeants and lieutenants in the Defendants' public safety department. Defendants promoted Plaintiff Waring to Chief of Department in May 2025.

    On September 15, 2025, Plaintiffs submitted a letter (Dkt. No. 53) alleging that Defendants' counsel approached Plaintiff Waring without permission from Plaintiffs' counsel, communicated with Plaintiff Waring about the subject matter of this litigation, and offered to hire Plaintiff Waring a new attorney at Defendants' expense. Plaintiffs' counsel asserts that Defendants' counsel thus violated Rule 4.2 of the New York Rules of Professional Conduct ("Rule 4.2"). Rule 4.2 provides:

> In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.

N.Y. Rules Prof'l Conduct 4.2(a), codified at N.Y. Comp. Codes R. & Regs. Tit. 22, § 1200.0 (2025). Plaintiffs now seek a protective order enjoining Defendants' counsel from having uncounseled communications with Plaintiff Waring.

    Defendants filed a response letter on September 17, 2025. Dkt. No. 55. Therein, Defendants conceded having uncounseled and unauthorized communications with Plaintiff Waring about the subject matter of this action, but Defendants argued that the communications

were necessitated by Plaintiff Waring's new supervisory role. *Id.* Namely, Defendants argued that they must be able to communicate with Plaintiff Waring to prepare a defense in this case. Defendants also indicated that they intend to name Plaintiff Waring as a 30(b)(6) witness. It is undisputed that Defendants' counsel knew that Plaintiff Waring was represented by another lawyer in this matter and that Defendants' counsel nevertheless spoke with Plaintiff Waring about the subject of the representation without the consent of Plaintiffs' counsel, with no applicable exception, in direct violation of Rule 4.2.

The Court held a conference on September 19, 2025, to address Plaintiffs' request for a protective order. "[F]ederal courts enforce professional responsibility standards pursuant to their general supervisory authority overs members of the bar." *United States v. Hammad*, 858 F.2d 834, 837 (2d Cir. 1988). "A district court's authority to control lawyers' conduct is particularly broad in the context of class actions and FLSA collective actions." *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-cv-08333 (ALC)(SN), 2014 WL 4852063, at *2 (S.D.N.Y. Sept. 29, 2014) (citing authority omitted). For the reasons discussed on the record at the conference, and pursuant to the Court's general supervisory authority, it is hereby ORDERED that:

(1) Defendants' counsel (which includes Defendants' in-house counsel) are enjoined from speaking to or conferring with Plaintiff Waring about the subject matter of this litigation without Plaintiffs' counsel present or without prior consent from Plaintiffs' counsel. To be clear, this order in no way impinges Plaintiff Waring from performing his regular, job-related duties that may require him to confer with Defendants' counsel about matters unrelated to this litigation. Similarly, Defendants and counsel working on behalf of Defendants are free to communicate with Plaintiff Waring without Plaintiffs' counsel being present *so long as* such communications concern Plaintiff Waring's job duties and do not concern the subject matter of this litigation.

(2) Defendants' counsel are enjoined from seeking Plaintiff Waring's aid in obtaining discovery materials related to this case, including by asking Plaintiff Waring to solicit responsive discovery materials from other employees. Plaintiff Waring may issue a general order to his subordinates that they are to cooperate with a designated person in the collection of documents or other discovery materials.

(3) Defendants may not designate Plaintiff Waring, who is an adverse party to them in the context of this litigation, as a 30(b)(6) witness in this case.

As discussed during the September 19 conference, this order is without prejudice to Defendants' counsel seeking leave to amend this order to address any particular circumstance that may arise in the future, if necessary. It is likewise without prejudice to Plaintiffs' counsel seeking an order barring the use in this litigation of any statements made during contact that was in violation of Rule 4.2, if discussion with their client indicates that such an order may be necessary.

The Clerk of Court is respectfully directed to terminate Dkt. No. 53.

Dated: September 22, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge